United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41167
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEJANDRO MELENDEZ-MONTOYA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-179-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Alejandro Melendez-Montoya appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following his conviction of an aggravated felony and subsequent deportation. See 8 U.S.C. § 1326(a), (b).

Melendez-Montoya argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional and should be severed from the statute. Melendez-Montoya acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but seeks to preserve the issue for review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Melendez-Montoya also argues that the district court erred by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). As Melendez-Montoya raises his argument for the first time on appeal, review is for plain error only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Melendez-Montoya has satisfied the first two prongs of the plain error analysis by showing that the district court committed error that was plain. Id. at 733. The error is not a structural one, however, United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005), and Melendez-Montoya has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights. See Valenzuela-Quevedo, 407 F.3d at 733.

Accordingly, the judgment of the district court is
AFFIRMED.